IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GORDON BOWERS,                )
                              )
         Petitioner,          )
                              )
                              )    CIV-14-1150-HE
v.                            )
                              )
ROBERT PATTON, Director,      )
                              )
         Respondent.          )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts a challenge to the convictions entered against him in the District Court of Canadian County, Oklahoma, in Case No. CF-2011-412 pursuant to his plea of guilty. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed as untimely.

In his Petition filed October 20, 2014, Petitioner states that he entered a guilty plea to charges of Trafficking in Illegal Substances and Conspiracy to Traffic in Illegal Substances and was sentenced on January 22, 2013, to a ten-year term of imprisonment. Petitioner does not indicate whether the sentences entered in Case No. CF-2011-412 were

1

ordered to run consecutively or concurrently. Petitioner states that he did not appeal from the judgment of conviction or seek other collateral relief from the convictions. Petitioner has asserted two grounds for habeas relief from his convictions. He alleges in ground one that he was denied effective assistance of counsel.[1] In ground two, Petitioner alleges that he was subjected to an unconstitutional search and seizure.

Having conducted a preliminary review of the sufficiency of the Petition, the undersigned directed Petitioner to show cause why the Petition should not be dismissed because the face of the Petition indicated Petitioner had not exhausted state remedies as required by 28 U.S.C. § 2254(b)(1)("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights."). See Order (Doc. # 7).

Petitioner has now filed a one-page response to the show cause Order. See Letter (Doc. # 8). In this response, Petitioner again states that "I was told that I could not appeal my conviction [and] therefore assumed my state remedies were no option to me." Petitioner also complains that his "motions" were denied and that "courts down here in Oklahoma do

---

[1]Taking judicial notice of the Court's own records, Petitioner filed a previous civil complaint in this Court against the Oklahoma Bar Association in which he asserted he was entitled to damages for the Oklahoma Bar Association's suspension of Ms. Amy McTeer without refunding Petitioner "the money I paid Amy McTeer." Petitioner stated in the complaint filed in that case that he was "fighting a criminal case in Canadian County, that he had paid Ms. McTeer to represent him in the criminal case although she "had done nothing for my case," and he admitted that he had also retained another attorney who, for unknown reasons, "also dropped me." The action was dismissed when Petitioner failed to pay the required filing fee. Gordon L. Bowers v. Oklahoma Bar Ass'n, Case No. CIV-12-1253-F.

occasionaly [sic] turn into Kangaroo Courts [and] 'railroad' people."

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition). "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted).

It is clear from the face of the Petition that Petitioner has not satisfied the exhaustion requirement. Under these circumstances, the Petition could be dismissed without prejudice for lack of exhaustion. See Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition"); Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006)(Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the

3

petitioner can pursue available state-court remedies"). A dismissal of a petition for failure to exhaust state court remedies is a dismissal without prejudice, which gives the petitioner the chance to pursue available remedies in the state courts. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997).

However, because the Petition is not timely filed, and there are no grounds for statutory or equitable tolling of the expired limitations period, the Petition should be dismissed with prejudice as untimely. Petitioner admitted in the Petition that the Petition was untimely filed under 28 U.S.C. § 2244(d)(1). Petitioner also admits that he has since "found this to be untrue" but he does not indicate or allege that he is pursuing any state court remedies or that he has any intention of doing so.

In the Order directing Petitioner to show cause, Petitioner was advised concerning the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1)(A) and advised that the limitations period may be equitably tolled in extraordinary circumstances so long as the petitoiner has diligently pursued his federal claims. See Order (Doc. # 7)(citing Holland v. Florida, 560 U.S. 631, 645 (2010), and Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).

In his response to the show cause Order, Petitioner asserts that "[a]s for the untimelyness [sic] of my petition, as I have stated, if I'd known that I could have appealed in state or Federal [courts], I would have. Also I am waiting on a decision from the bar association as to Mrs. McTeers [sic] fate, so to speak. I have a complaint with them [and] have been waiting on a ruling for two years now."

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective

4

April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).

Petitioner's convictions became final on February 1, 2013, ten days after the pronouncement of his judgment and sentence on January 22, 2013.[2] See Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 App. Under the "anniversary method" applicable in this circuit, the one-year limitations period would have begun running on the following day, February 2, 2013. See United States v. Hurst, 322 F.3d 1256, 1260-1261 (10th Cir. 2003). Thus, absent circumstances warranting the tolling of the limitations period, Petitioner had until February 2, 2014, to file a timely habeas petition challenging his convictions in Case No. CF-2011-412. Petitioner did not file the Petition until October 2014,

---

[2]Petitioner states in the Petition that the judgment of conviction in Case No CF-2011-412 was entered on January 22, 2013, and the undersigned has assumed the truth of this statement.

well beyond the date the limitations period expired. Because Petitioner admits he has not sought post-conviction relief, the statutory tolling provision in 28 U.S.C. § 2244(d)(2) does not apply.

The limitations period may be equitably tolled in extraordinary circumstances so long as the petitioner has diligently pursued his federal claims. Holland, 560 U.S. at 645. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Actual innocence or incompetence may constitute extraordinary circumstances that warrant equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(recognizing equitable tolling might be appropriate where prisoner is actually innocent). On the other hand, a claim of legal, not factual, innocence does not provide a basis for equitable tolling. See Laurson v. Leyba, 507 F.3d 1230, 1233 (10th Cir. 2007)(noting that actual innocence means factual innocence and that petitioner's claim his guilty plea was involuntary did not assert actual innocence of the crime to which he pled guilty); Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000)(noting legal defenses to criminal charge do not show factual innocence). See also Craft v. Jones, 435 Fed. Appx. 789, 792 (10th Cir. 2011)(unpublished op.)(habeas petitioner's self-defense argument implicated legal, not factual, innocence and did not warrant equitable tolling).

Thus, to warrant equitable tolling of the limitations period, Petitioner must show that his guilty plea "has probably resulted in the conviction of one who is actually innocent."

Bousley v. United States, 523 U.S. 614, 623-624 (1998).  In his two grounds for habeas relief, Petitioner has alleged only legal insufficiency, not actual innocent, and he has not demonstrated "that it is more likely than not that no reasonable juror would have convicted him in light of new evidence." McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1935 (2013)(quotations and citation omitted).

As an additional ground for equitable tolling of the limitations period, Petitioner contends he was advised by the prosecutor and a public defender that he could not appeal the convictions because he entered a guilty plea.  However, Oklahoma provides a well-established procedure for appealing a plea-based conviction, beginning with an application to withdraw a plea of guilty or nolo contendere within ten days of the judgment and sentence. See Okla. Stat. tit. 22, § 1051(a); Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 App.  The plea of guilty summary of facts form utilized in Oklahoma in plea proceedings, as mandated by the Oklahoma Court of Criminal Appeals, provides lengthy advice concerning a defendant's right to appeal a plea-based conviction. Rule 4.1, 13.10, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 App.

Taking judicial notice of the related public records of the District Court of Canadian County in State of Oklahoma v. Gordon Bowers, Case No. CF-2022-412, a review of the judgment and sentence filed in Petitioner's criminal case reflects the presiding district judge's attestation that Petitioner had been advised of his rights and the procedure to appeal to the Oklahoma Court of Criminal Appeals and of the necessary steps to be taken by him

7

to perfect an appeal.³ See United States v. Ahidley, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007)(recognizing district court has discretion to take judicial notice of publicly-filed records concerning matters bearing directly upon case); St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). A review of the completed plea of guilty - summary of facts form signed by Petitioner on January 9, 2013, and filed in State of Oklahoma v. Gordon Bowers, Case No. CF-2022-412 also reflects that Petitioner was advised of his appellate rights, including the requirement that he submit an application to withdraw his plea within ten days from that date.⁴

Petitioner has not shown extraordinary circumstances that warrant the equitable tolling of the expired limitations period. Petitioner's only other basis for equitable tolling is a vague claim that he is awaiting a decision concerning a complaint he initiated with the Oklahoma Bar Association concerning an attorney, who was presumably one of his defense attorneys. However, this argument does not suggest extraordinary circumstances beyond Petitioner's control that would warrant equitable tolling. Petitioner fails to explain why the attorney's alleged misconduct resulted in his delay in filing his habeas Petition until October 2014. Consequently, judicial review of the merits of the Petition is foreclosed due to the expiration

---

³http://www.oscn.net/applications/oscn/ (Docket sheet and pleading in State of Oklahoma v. Gordon Leroy Bowers, Case No. Cf-2011-412, District Court of Canadian County, Oklahoma, last accessed December 3, 2014).

⁴Id.

8

of the limitations period and no tolling circumstances. The Petition should therefore be dismissed with prejudice as it is not timely filed.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by  December 24th , 2014, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   4th   day of   December  , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE