# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GORDON BOWERS,                )
                              )
      Petitioner,          )
                              )
vs.                           )        NO. CIV-14-1150-HE
                              )
ROBERT PATTON, Director,      )
                              )
      Respondent.          )

## **ORDER**

Petitioner Gordon Bowers, a state prisoner appearing *pro se* filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings. He has recommended that the petition be dismissed as untimely. Plaintiff has filed an objection to the Report and Recommendation.

Petitioner challenges convictions entered against him in the District Court of Canadian County, Oklahoma, pursuant to a plea of guilty. Petitioner states in his petition that he pleaded guilty to trafficking in illegal drugs and conspiracy to traffic and was sentenced on January 22, 2013, to ten years in prison. He claims he is entitled to habeas relief because his counsel was ineffective and because he was subjected to an unlawful search and seizure.

Petitioner acknowledged in his petition that he has not exhausted his state remedies regarding his two claims. Noting that a federal court cannot grant habeas relief to a state prisoner unless he has exhausted the remedies available in state court, demonstrated that there is an absence of available state remedies or that circumstances exist that render the state

process ineffective to protect the petitioner's rights, 28 U.S.C. § 2254(b)(1), the magistrate judge directed petitioner to show cause why his petition should not be dismissed for failure to exhaust. Doc. #7. Petitioner responded as directed to the show cause order. He stated, as he had in his petition, that he was told when he pleaded guilty that he could not appeal his conviction and therefore assumed his state remedies were not an option. Doc.#8. He also stated that he had a complaint pending with the Oklahoma Bar Association regarding his attorney and had been waiting two years for a ruling.[1] *Id.*

Because petitioner clearly has not exhausted his remedies, the action must be dismissed. The question is whether it should be dismissed with or without prejudice. Normally the dismissal would be without prejudice to allow petitioner the chance to pursue available remedies in the state courts. Here, though, petitioner admitted in his petition that it was not timely filed. See Doc. #1, p. 12.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year within which to seek habeas relief pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). Petitioner was advised in the show cause order that, under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period usually begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." He also was informed that, as long as a petitioner has diligently

---

[1] *Taking judicial notice of court records from the Western District of Oklahoma, the magistrate judge noted that petitioner had filed a civil complaint against the Oklahoma Bar Association related to its suspension of his former attorney. Petitioner apparently admitted in that case that he had, at one point, retained another attorney to represent him in his criminal case. Doc. #9, p. 2 n.1.*

pursued his federal claims, the limitations period may be equitably tolled. See Doc. #7, p. 3 n.3.

Petitioner's convictions became final on February 1, 2013. Absent circumstances warranting the tolling of the limitations period, petitioner had until February 2, 2014, to file a timely habeas petition. His petition, filed on October 20, 2014, was well past the expiration of the limitations period. The magistrate judge concluded that, because petitioner admitted he had not sought post-conviction relief, the statutory tolling provision in 28 U.S.C. §2244(d)(2) did not apply. He also concluded petitioner was not entitled to equitable tolling.

Although petitioner claimed he was advised by the prosecutor and a public defender that he could not appeal the conviction because he entered a guilty plea, the magistrate judge took judicial notice of the public records related to petitioner's criminal case. He noted that they reflect that petitioner was advised of his appellate rights and therefore the asserted erroneous advice was not a basis for equitable tolling.

The magistrate judge also rejected petitioner's other potential basis for equitable tolling – his pending complaint before the Oklahoma Bar Association. He concluded petitioner had not explained how the delayed resolution of the bar complaint had prevented him from filing his habeas petition until October 2014.

In his objection petitioner asserts that he was "advised by a law clerk to wait to file the petition until a ruling was made on his complaint with the bar association. The clerk said that it would give the petition more standing." Doc. #19, p. 2. He also states that he "hasn't mentioned state remedies because he was told to take it out of the district's hands and 'put

it into higher courts' due to the fact that he was told by the public defender and the prosecution that he had no state remedies available to him." *Id.*

Having conducted a *de novo* review of the exhaustion and timeliness issues, the court agrees with the analysis of Magistrate Judge Purcell and adopts his Report and Recommendation. Petitioner not only failed to exhaust his state court remedies, but his petition was untimely and there is no basis for either statutory or equitable tolling.

Accordingly, the petition for habeas relief is dismissed with prejudice as being untimely. The court also denies a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 29th day of December, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE